**Faton LATIFI, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

**No. 05–0685–ag.**

United States Court of Appeals, Second Circuit.

Feb. 22, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Daniel Murphy (Elizabeth Brettschneider, on the brief), Avirom & Associates LLP, New York, NY, for Petitioner.

Victoria S. Shin, Assistant United States Attorney (William J. Nardini, on the brief) for Kevin J. O'Connor, United States Attorney, District of Connecticut, Victoria S. Shin, William J. Nardini, Assistant United States Attorneys, New Haven, CT, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Faton Latifi, a native of Kosovo in the former Yugoslavia, seeks review of a January 14, 2005 order of the BIA denying his motion to remand and affirming the October 2, 2003 decision of Immigration Judge ("IJ") Michael W. Straus denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Faton Latifi*, No. A 79 296 219 (B.I.A. Jan. 14, 2005), *aff'g* No. A 79 296 219 (Immig. Ct. Hartford Oct. 2, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the BIA fully adopted the IJ's decision with respect to the denial of asylum, we review the IJ's decision directly with respect to that claim. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, *see Zhou Yun Zhang v. INS.*, 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 304 (2d Cir.2007), and review questions of law *de novo. See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

By regulation, a demonstration of past persecution gives rise to a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). However, if the government rebuts that presumption and the applicant cannot otherwise demonstrate a well-founded fear of future persecution, as was the case here, the applicant is not entitled to a discretionary grant of asylum, unless he or she demonstrates "compelling reasons for being unwilling or unable to

return to the country arising out of the severity of the past persecution," or "a reasonable possibility that he or she may suffer other serious harm upon removal to that country." 8 C.F.R. § 1208.13(b)(1)(iii)(A) & (B).[2]

As an initial matter, we decline to review Latifi's unexhausted challenge to the IJ's holding that the government rebutted the regulatory presumption of a well-founded fear of future persecution based on a fundamental change in country conditions in Kosovo. In his direct appeal to the BIA, Latifi did not challenge the IJ's determination that country conditions had fundamentally changed. In his motion to remand, discussed *infra*, Latifi presented previously unavailable evidence of country conditions, which thus did not present a challenge to the IJ's determination based on the original record.

Moreover, substantial evidence supports the IJ's determination that Latifi's past persecution was not so severe as to warrant a grant of humanitarian asylum. Although Latifi was separated from his family after Serb police forced him and his family from their home which was later burned down, and he witnessed his neighbor being shot, a reasonable factfinder would not be compelled to conclude that his past experience in Kosovo qualified him for a humanitarian grant of asylum relief. *See, e.g., Jalloh,* 498 F.3d at 151–52 (2d Cir.2007) (affirming denial of humanitarian asylum, where alien was beaten and detained, his wife was raped, and their house was burned, because there was no evidence of long-lasting physical or mental effects of that treatment); *see also Islami v. Gonzales,* 412 F.3d 391, 394 n. 3 (2d Cir.2005) (explaining that where the presumption of future persecution is rebutted, the agency, "except in circumstances rising

to 'atrocious forms of [past] persecution,' may deny a request for asylum." (quoting *Matter of Chen,* 20 I. & N. Dec. 16, 19 (B.I.A.1989))).

Moreover, Latifi's claim that the IJ erred by failing to consider the relevant humanitarian factors of his family ties, age, and health, *see Matter of H–,* 21 I. & N. Dec. 337, 347–48 (B.I.A.1996), is meritless. The IJ considered the fact that Latifi's return to Kosovo would result in a renewed separation from members of his family who had since found legal refuge in the United States, but found this evidence insufficient to warrant a humanitarian grant of asylum. Latifi also fails to explain, much less support with evidence, how his age or health bear upon his unwillingness or inability to return to Kosovo.

■ Further, substantial evidence supports the IJ's determination that Latifi, who is an ethnic Albanian, would not face "other serious harm" if returned to Kosovo. In particular, the country condition evidence explains that the war in Kosovo ended in 1999, a United Nations peacekeeping force now maintains security there, and that Kosovo is comprised of approximately 90% ethnic Albanians. Although the country reports also explain that Kosovo has very significant economic problems and a high rate of crime and violence, a reasonable factfinder would not be compelled to conclude that the harm that Latifi might face in Kosovo rises to the level of persecution. *See* 65 Fed.Reg. 76121, 76127 (2000) (defining "other serious harm" as harm that is "is so serious that it equals the severity of persecution," but that is not inflicted on account of the protected grounds of race, religion, nationality, membership in a particular social group, or political opinion).

**2.** Asylum granted under 8 C.F.R. § 1208.13(b)(1)(iii) is referred to as "humanitarian asylum." *Jalloh v. Gonzales,* 498 F.3d 148, 151 (2d Cir.2007).

We decline to address Latifi's claims for withholding of removal and CAT relief because they were not administratively exhausted on appeal to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1 (2d Cir.2007).

Finally, we find no abuse of discretion in the BIA's denial of Latifi's motion to remand, *see Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir.2005), which was based on evidence of new violence between Serb and Albanian communities, including an incident that occurred in a community bordering Latifi's former town. Based on the evidence before it, the BIA reasonably found that Latifi "failed to establish that he will be specifically targeted in Kosovo," [3] and that the "documents submitted by the respondent regarding general conditions of unrest" do not support his claim for asylum eligibility.

Accordingly, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

---

[3]. Prior to oral argument, we asked the parties to be prepared to address the issues of whether the BIA's remark concerning specific targeting reflects a legal standard imposed for humanitarian asylum and, if so, whether such a requirement is lawful. Having heard the parties' positions, it remains unclear to us whether the BIA applied a legal requirement of specific targeting (which the regulations do not appear to require in the humanitarian-asylum context, *compare* 8 C.F.R. § 1208.13(b)(1)(iii) *with id.* § 1208.13(b)(2)(iii)), or rather made a general factual observation with respect to the lack of targeting. Ultimately, however, we do not decide the issue because it was not briefed by Latifi, and thus was waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).